IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TRUSTEES OF CENTRAL LABORERS' PENSION, WELFARE & ANNUITY FUNDS, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 05-cv-4123-JPG |
| ACORN INDUSTRIES, Inc., a foreign corporation, and DAVID S. ACORN, Individually and d/b/a ACORN INDUSTRIES, Inc., of Southern Illinois, | ) ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This matter comes before the Court on defendant David Acorn's Motion to Dismiss Count II of Plaintiffs' complaint (Doc. 6), to which Plaintiff has responded (Doc. 18). For the reasons discussed below, Defendant's Motion to Dismiss Count II will be **DENIED**.

Plaintiff brought this action under §§ 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145. In Count I, Plaintiff seeks relief from Acorn Industries, Inc. ("Industries"), and in Count II it seeks relief from David Acorn ("Acorn") in his individual capacity. Acorn claims Count II must be dismissed because he cannot be held personally liable for contributions allegedly owed Plaintiff by Industries. Acorn did not move under a specific provision of the federal rules, however, it is clear his motion is made pursuant to Federal Rule of Civil Procedure 12(b)(6). As a preliminary matter, Acorn has presented matters outside the pleadings in support of this motion. Rule 12(b) directs the Court to exclude such matters

or treat the motion as one for summary judgment. There is an exception to this rule, however, when the additional material is an exhibit to the plaintiff's complaint, such as a contract. *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002). Therefore, the Court will consider this as a Rule 12(b)(6) motion and will not treat it as one for summary judgment.

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To comply with this rule, a plaintiff need only allege facts sufficient to put a defendant on notice of the claims against him. *Brown v. Budz*, 398 F.3d 904, 908 (7th Cir. 2005). When reviewing a complaint, the Court accepts all factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Id*. The Court should not grant a motion to dismiss unless it appears beyond doubt that the plaintiff cannot prove his claim under any set of facts consistent with the complaint. *Id*. at 908-09.

Industries entered into an agreement ("Agreement") with the Laborer's International Union of North America, Midwest Region, AFL-CIO ("the Union") governing Union members' employment and compensation on a toxic waste removal project. (Doc. 1, ex. 2). Plaintiff claims Industries and Acorn, in his individual capacity, are liable for Industries' failure to make contributions to the Central Laborers' Pension Fund ("Fund") as required by the Agreement and other related documents. Acorn signed the Agreement on behalf of Industries in his capacity as its president. (Doc. 1, ex. 2). In an addendum to the Agreement, Industries agreed to make contributions to the Fund and to be bound by the Fund's trust agreements. Acorn signed this addendum on behalf of Industries. Industries also entered into a Participation Agreement with the Union, whereby Industries agreed to make contributions to the Fund and be bound by the agreements establishing and amending the Fund. Under the terms of the Participation Agreement

and the addendum previously mentioned, Industries agreed to be bound by the Restated Agreement and Declaration of Trust of the Central Laborer's Pension Fund ("the Trust Agreement"). One provision of the trust agreement is particularly relevant here; it provides:

> Where an audit discloses a difference between hours actually worked by an employee and hours reported to the Trust by his Employer and where such audit discloses any willful violation of any of the requirements of this Trust Agreement or rules and regulations adopted in connection herewith, those officers and directors of such Employer, if a corporation, who supervised the completion of report forms, signed report forms or can be determined to have had personal knowledge of such conduct; shall be personally liable for any underpayment or other pecuniary loss to the Funds as a result of such conduct.

(Doc. 1, ex. 1, pt. 2, p. 6).

Acorn asserts he cannot be personally liable for contributions because he only signed agreements with the Union in his official capacity. Thus, his status as an owner/officer, in itself, is insufficient to give rise to liability. Acorn is on the right track, but he neglects to take account of some key allegations in the complaint. He is correct insofar as he makes reference to the oft-repeated acknowledgment that Congress did not intend for 29 U.S.C. § 1145 to displace the general rule that officers and directors are not liable for corporate debts. *Sullivan v. Cox*, 78 F.3d 322, 325 (7th Cir. 1996). However, this rule is not absolute. For instance, it does not apply where "individuals contractually accept responsibility for corporate liability, thus becoming 'employer's obligated to make contributions' under Section 1145." *Id*; *see also Cement & Concrete Workers District Council Welfare Fund, Pension Fund, Legal Services Fund & Annuity Fund v. Lollo*, 35 F.3d 29, 37 (2d Cir. 1994). That he signed in his representative capacity is also important, but it is not dispositive. Under Illinois law, "When an officer signs a document and indicates next to his signature his corporate affiliation, then absent evidence of contrary intent in the document, the officer is not personally bound." *Id*. at 326 (quoting *Wottowa Ins. Agency, Inc. v. Bock*, 472 N.E.2d

411, 413 (Il. 1984)). When there is a conflict, the matter becomes an issue of the officer's intent – which is a question for the jury. *Bock*, 472 N.E.2d at 413.

Plaintiff claims its complaint is sufficient when viewed in light of the Seventh Circuit's opinion in *Sullivan*, where that Court suggested that an individual may be liable for pension fund contributions under § 1145 if he contractually agreed to such liability. In Count II of the complaint, Plaintiff alleges that "Defendant is an employer" and "obligated to submit contributions to the Funds pursuant to the terms of the Agreements" attached to the complaint. (Doc. 1, at 5-6). Plaintiff did not specifically reference the aforementioned section of the Trust Agreement which it claims gives rise to personal liability, but this is not fatal. As the Seventh Circuit has said, "Complaints in a system of notice pleading initiate the litigation but recede into the background as the case progresses. Later documents . . . refine the claims; briefs and memoranda supply the legal arguments that bridge the gap between facts and judgments." *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992). Though the complaint does not provide a lot of detail, Count II is sufficient to put Acorn on notice that Plaintiff seeks relief against him under the Agreement. As such, the Court finds that the allegations in the complaint are sufficient to put Acorn on notice of the claims against him. Therefore, Acorn's motion to dismiss is **DENIED**. By so ruling the court expresses no opinion as to whether the provision of the Trust Agreement is enforceable.

**IT IS SO ORDERED.**

**Dated: January 17, 2006.**

                                               /s/ J. Phil Gilbert
                                               J. PHIL GILBERT
                                               U.S. District Judge